◼ Luis Zarate, Appellant, v Joan A. McDonald, Respondent. [819 NYS2d 288]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered July 25, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Although we affirm the Supreme Court's order we do so on grounds other than those relied upon by the Supreme Court. The Supreme Court properly determined that the defendant met her prima facie burden, via her submissions, of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Diaz v Turner,* 306 AD2d 241 [2003]).

With respect to plaintiff's opposition, however, the Supreme Court erred in determining that a magnetic resonance imaging (hereinafter MRI) report of the plaintiff's lumbar spine was

inadmissible because it was unsworn, and that it was improper for the plaintiff's physician to rely on that report. Because the results of the MRI report were referred to in the affirmed medical report of the defendant's examining neurologist, the plaintiff and his treating physician properly submitted and relied on the MRI report in opposition to the motion (*see Ayzen v Melendez,* 299 AD2d 381 [2002]).

However, even when considering this additional evidence, the plaintiff's submission failed to address the findings of degenerative changes at the L4-5 and L5-S1 levels of the plaintiff's lumbar spine as noted in the plaintiff's MRI report dated November 11, 2002. This rendered speculative the opinion of the plaintiff's treating physician that the plaintiff's lumbar conditions were caused by the subject accident (*see Giraldo v Mandanici,* 24 AD3d 419 [2005]).

The plaintiff also failed to submit competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.