■ Valeriya Gibson, Appellant, v John Tordoya et al., Respondents. [844 NYS2d 431]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 20, 2006, which granted the motion of the defendants Ong Tran Hue and Orlando Reyes, and the separate motion of the defendant John Tordoya for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs payable to the plaintiff by the defendants appearing separately and filing separate briefs, and the respective motions of the defendants for summary judgment dismissing the complaint insofar as asserted against them are denied.

As conceded by the plaintiff, the defendants met their prima

facie burdens of showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). However, the plaintiff raised a triable issue of fact as to whether she sustained a permanent consequential limitation of use of her cervical and/or lumbar spine as a result of the subject accident. The plaintiff's examining neurologist opined in his report, based on his proper review of contemporaneous range of motion tests and his recent examination of the plaintiff, as well as upon his review of the plaintiff's lumbar and cervical magnetic resonance imaging (hereinafter MRI) reports, which showed, inter alia, bulging discs at L5-S1 and C6-7, that the plaintiff's lumbar and cervical injuries and range of motion limitations observed were permanent and causally related to the subject accident (*see Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Lim v Tiburzi*, 36 AD3d 671 [2007]; *Shpakovskaya v Etienne*, 23 AD3d 368 [2005]; *Clervoix v Edwards*, 10 AD3d 626 [2004]; *Acosta v Rubin*, 2 AD3d 657 [2003]; *Rosado v Martinez*, 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.*, 273 AD2d 225 [2000]). The reliance by the plaintiff and her experts on the MRI reports was proper despite the fact that the reports submitted by the plaintiff were unaffirmed, since the results of these reports were set forth in the report of the defendants' examining orthopedic surgeon (*see Zarate v McDonald*, 31 AD3d 632 [2006]; *Ayzen v Melendez*, 299 AD2d 381 [2002]). Contrary to the defendants' assertions, the plaintiff adequately explained the lengthy gap in her treatment (*see Black v Robinson*, 305 AD2d 438 [2003]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.