█ SANDRA MORALES et al., Appellants, v JEFFREY T. THEAGENE et al., Respondents. [848 NYS2d 325]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 18, 2006, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint as to each of the plaintiffs on the ground that none of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Sandra Morales, in her individual

capacity, and Jade Morales on the ground that they did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor a provision denying those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs Sandra Morales, in her individual capacity, and Jade Morales, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Sandra Morales, in her individual capacity, and Jade Morales on the ground that the defendants are not negligent.

The defendants met their prima facie burden of establishing that the plaintiffs Jade Morales (hereinafter Jade) and Keith Morales (hereinafter Keith) did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, but failed to meet that burden with respect to the plaintiff Sandra Morales in her individual capacity (hereinafter Sandra) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' examining neurologist noted in his report significant range of motion limitations in both the cervical and lumbar regions of Sandra's spine (*see Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]). Since the defendants failed to establish their prima facie burden with respect to Sandra, it was unnecessary for the Supreme Court to consider whether her papers submitted in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The Supreme Court properly determined that the plaintiffs' submissions in opposition failed to raise a triable issue of fact as to whether Keith sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. While the plaintiffs' treating chiropractor concluded that Keith sustained a significant limitation of use to his lumbar spine as a result of the subject accident, his conclusions were not based on a recent examination (*see Ali v Mirshah*, 41 AD3d 748 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]).

The affidavit of the plaintiffs' treating chiropractor raised a triable issue of fact as to whether Jade sustained a serious injury within the meaning of Insurance Law § 5102 (d). He concluded that Jade sustained a significant limitation of use of her lumbar spine as a result of the subject accident. In his affidavit, he set

forth significant range of motion limitations in Jade's lumbar spine based on an examination that was performed contemporaneously with the subject accident, and found similar significant lumbar range of motion limitations roughly three years later during a recent examination (*see Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]; *Rosado v Martinez*, 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.*, 273 AD2d 225 [2000]). Contrary to the contentions of the defendants, there was no lengthy gap in Jade's treatment. The plaintiffs' treating chiropractor stated in his affidavit that Jade was treated by him on a regular and continuous basis from his initial treatment date with her on May 12, 2003.

To the extent that the defendants raise an issue with respect to that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Sandra Morales, in her individual capacity, and Jade Morales on the ground that the defendants were not negligent, we note that the subject branch of the motion was never decided by the Supreme Court on the merits. Therefore, we remit the matter to the Supreme Court for a determination on the merits of that branch of the defendants' motion. Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.