■ GHARPAUL SINGH, Appellant, v ANTHONY J. DISALVO et al., Respondents. [853 NYS2d 124]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated February 1, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*cf. Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v*

*Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. Initially, the unaffirmed medical reports submitted by the plaintiff in opposition to the defendants' motion were without any probative value (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *see also Grasso v Angerami,* 79 NY2d 813, 814 [1991]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]). The affidavit of the plaintiff's examining orthopedic surgeon, as well as his annexed report, failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury as a result of the subject accident. The surgeon admitted in his affidavit that he relied upon the unsworn reports of others in coming to his conclusions (*see Malave v Basikov,* 45 AD3d 539 [2007]; *Govori v Agate Corp.,* 44 AD3d 821 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). Under the circumstances, the plaintiff failed to proffer competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Moreover, the plaintiff failed to adequately explain the lengthy gap in his treatment evident in the record (*see McNeil v Dixon,* 9 AD3d 481 [2004]). Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.