■ YUDITH RODRIGUEZ, Also Known as JUDITH RODRIGUEZ, Respondent, v DOMINGO REYES et al., Appellants, et al., Defendant. [857 NYS2d 233]—

In an action to recover damages for personal injuries, the defendants Domingo Reyes and Juan A. Jungbluth appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 23, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs to the respondent.

In her brief on appeal, the plaintiff concedes that the defendants Domingo Reyes and Juan A. Jungbluth (hereinafter the appellants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). We agree with the plaintiff that in opposition, she raised a triable issue of fact as to whether, as a result of the subject accident, she sustained a serious injury to her left knee, under the permanent consequential and/or significant limitation of use categories of Insurance Law § 5102 (d). Among other things, she submitted the affirmed report of

her treating orthopedist Dr. Frank Carr. His opinion was based on his examination of the plaintiff shortly after the accident, on his examination performed after the motion for summary judgment was made, and upon an arthroscopic procedure he performed upon the plaintiff approximately one month post-accident, which showed, among other things, a tear in the medial meniscus. He opined that the plaintiff's injuries and the range of motion limitations that he observed were permanent, and were causally related to the subject accident (*see Altreche v Gilmar Masonry Corp.*, 49 AD3d 479 [2008]; *Rosado v Martinez*, 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.*, 273 AD2d 225 [2000]). Contrary to the appellants' contention, the plaintiff adequately explained the gap in her treatment (*see Gibson v Tordoya*, 44 AD3d 1000, 1001 [2007]; *Black v Robinson*, 305 AD2d 438, 439-440 [2003]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.