■ TAMMY J. KASEL, Appellant, v JAN SZCZECINA, Respondent. [858 NYS2d 346]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (R. Doyle, J.), entered April 27, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and is in favor of the defendant and against her dismissing the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning

of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury under the permanent, consequential, and/or significant limitation of use categories of Insurance Law § 5102 (d) to the cervical and/or lumbar regions of her spine as a result of the subject accident. The opinion of the plaintiff's treating chiropractor was based on his most recent examinations of the plaintiff as well as examinations which were contemporaneous with the subject accident. The treating chiropractor also based his opinion on a review of, inter alia, the affirmed cervical and lumbar magnetic resonance imaging reports prepared by the plaintiff's treating radiologist, which were submitted by the defendant in support of the motion for summary judgment (*see Casas v Montero*, 48 AD3d 728 [2008]; *Zarate v McDonald*, 31 AD3d 632 [2006]; *Ayzen v Melendez*, 299 AD2d 381 [2002]). Among other things, the reports documented disc bulges at C4-5 and C5-6 and disc herniations at L4-5 and L5-S1. The plaintiff's treating chiropractor opined that the plaintiff's spinal injuries and range of motion limitations observed were significant and permanent, were causally related to the subject accident, and were not caused by degeneration (*see Altreche v Gilmar Masonry Corp.*, 49 AD3d 479 [2008]; *Clervoix v Edwards*, 10 AD3d 626 [2004]). Contrary to the defendant's contention on appeal, the plaintiff adequately explained the gap in her treatment between January 2005 and her most recent examination on June 30, 2006 (*see Gibson v Tordoya*, 44 AD3d 1000, 1001 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644 [2007]; *Black v Robinson*, 305 AD2d 438, 439-440 [2003]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.