■ GLORIA HACKETT, Plaintiff, and WINNIFRED SMITH, Appellant, v AAA EXPEDITED FREIGHT SYSTEMS, INC., et al., Respondents. [865 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff Winnifred Smith appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated March 15, 2007, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, her cross motion for leave to serve an amended bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

The medical evidence submitted by the defendants in support of their motion was sufficient to meet their initial burden of establishing a prima facie case that the injuries allegedly sustained by the plaintiff Winnifred Smith did not meet the serious injury threshold under the no-fault law (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, Smith failed to raise a triable issue of fact (see Morris v Edmond, 48 AD3d 432, 433 [2008]). The affirmed report of Dr. Albert A. Anglade, Smith's medical expert, failed to present evidence that showed range-of-motion limitations in her cervical spine or left shoulder which were contemporaneous with the subject motor vehicle accident (see Deutsch v Tenempaguay, 48 AD3d 614, 615 [2008]; D'Onofrio v Floton, Inc., 45 AD3d 525 [2007]). In addition, he failed to adequately explain the lengthy gap in treatment evident in the record (see Singh v DiSalvo, 48 AD3d 788 [2008]). Lastly, under these circumstances, where, inter alia, Smith failed to challenge the finding of the defendants' medical expert that the injuries to her cervical spine and left shoulder were degenerative in nature, the Supreme Court properly denied her cross motion for leave to serve an amended bill of particulars alleging new injuries to those parts of her body (see Navarette v Alexiades, 50 AD3d 869, 870-871 [2008]). Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.