■ FRANK LAFERLITA et al., Respondents, v SEAGULL 2000, INC., et al., Appellants. [864 NYS2d 535]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated September 4, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Frank LaFerlita did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The Supreme Court correctly determined that the defendants met their prima facie burden of showing that the plaintiff Frank LaFerlita (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The Supreme Court erred, however, in concluding that the plaintiffs' submissions raised a triable issue of fact. The report of Dr. Mark Cadden, one of the injured plaintiff's chiropractors, was not competent evidence since it is not sworn before a notary (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Casas v Montero*, 48 AD3d 728 [2008]; *Santoro v Daniel*, 276 AD2d 478 [2000]). The affidavit of Dr. Richard Hurwitz, another of the injured plaintiff's chiropractors, merely noted that he examined the injured plaintiff on July 6, 2007. While Dr. Hurwitz noted that the injured plaintiff had range-of-motion limitations in his cervical and lumbar spine based on a recent examination, neither he nor the plaintiffs proffered competent medical evidence that showed range-of-motion limitations in the injured plaintiff's spine that were contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *see also Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

The affidavit of Dr. Harold S. Parnes, the injured plaintiff's treating radiologist, along with his magnetic resonance imaging reports, merely revealed that as of February 2004 and March 2004 the injured plaintiff had certain bulging and herniated discs. The mere existence of bulging or herniated discs is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injuries and their duration (*see Siegel v Sumaliyev,* 46 AD3d 666 [2007]; *Yakubov v CG Trans Corp.,* 30 AD3d 509, 510 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]). The affidavit of the injured plaintiff failed to raise a triable issue of fact (*see Casas v Montero,* 48 AD3d 728 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]).

Moreover, neither the plaintiffs nor Dr. Hurwitz adequately explained the gap in the injured plaintiff's treatment between February 11, 2005, when he was last treated by Dr. Cadden, and his most recent examination on July 6, 2007 by Dr. Hurwitz (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Berktas v McMillian,* 40 AD3d 563, 564 [2007]; *Waring v Guirguis,* 39 AD3d 741, 742 [2007]).

The plaintiffs also failed to submit competent medical evidence that the injured plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.