In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated January 31, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. While the submissions of Dr. David Adin, one of the plaintiffs treating osteopaths, revealed significant range of motion limitations of her cervical spine and right shoulder that were based on a recent examination, the plaintiff failed to proffer objective medical evidence showing range of motion limitations in her spine, or anywhere else, that were contemporaneous with the subject accident (see LaFerlita v Seagull 2000, Inc., 54 AD3d 905 [2008]; Kurin v Zyuz, 54 AD3d 902 [2008]; Hackett v AAA Expedited Frgt. Sys., Inc., 54 AD3d 721 [2008]; Camacho v Dwelle, 54 AD3d 706 [2008]; Perdomo v Scott, 50 AD3d 1115 [2008]; Ferraro v Ridge Car Serv., 49 AD3d 498 [2008]). In fact, the only quantified range of motion findings submitted by the plaintiff were in the report of Dr. Adin dated October 16, 2007. Those findings were based on an examination that occurred a year after the subject accident (see Suk Ching Yeung v Rojas, 18 AD3d 863 [2005]).
*412 The affirmation of Dr. Jacob Lichy, the plaintiffs treating radiologist, merely noted the findings contained in the magnetic resonance imaging (hereinafter MRI) reports of January 13, 2007, which revealed evidence of a disc bulge at C3-4 and a tear of the anterior and posterior lips of the glenoid labrum in the plaintiffs right shoulder. The mere existence of a herniated or bulging disc, and even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (see Cornelius v Cintas Corp., 50 AD3d 1085, 1087 [2008]; Shvartsman v Vildman, 47 AD3d 700 [2008]). Furthermore, Dr. Lichy expressed no opinion on the cause of the findings he made as a result of his review of the plaintiffs MRI reports (see Collins v Stone, 8 AD3d 321, 322 [2004]).
Moreover, neither the plaintiff nor her experts adequately explained the 11-month gap between her last examination by Dr. Christopher Kyriakides on November 21, 2006, and her most recent examination by Dr. Adin on October 16, 2007 (see Pommells v Perez, 4 NY3d 566 [2005]; LaFerlita v Seagull 2000, Inc., 54 AD3d 905 [2008]; Kasel v Szczecina, 51 AD3d 872 [2008]). In fact, her own deposition testimony, upon which she relied in opposing the defendants’ motion, revealed that her treatment was stopped because her doctor said that she did not need it any longer.
Based on the evidence submitted, the plaintiff also failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (see LaFerlita v Seagull 2000, Inc., 54 AD3d 905 [2008]; Sainte-Aime v Ho, 274 AD2d 569 [2000]). Fisher, J.P., Lifson, Covello and Balkin, JJ., concur.