In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated July 6, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Peter Gastaldi against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Peter Gastaldi against them is granted.
The Supreme Court providently exercised its discretion in considering the surreply of the plaintiffs, which was in response to the gap-in-treatment argument raised in the defendants’ reply papers for the first time (see Allstate Ins. Co. v Raguzin, 12 AD3d 468, 469 [2004]).
On the threshold issue of serious injury, the defendants met their prima facie burden of showing that the plaintiff Peter Gastaldi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Kearse v New York City Tr. Auth., 16 AD3d 45, 49-50 [2005]). In opposition, Gastaldi failed to raise a triable issue of fact. The reports of Dr. Y. Fill Slukhinsky and Dr. William Bongiorno were without any proba *421 tive value in opposing the defendants’ motion since they were unaffirmed (see Uribe-Zapata v Capallan, 54 AD3d 936 [2008]; Patterson v NY Alarm Response Corp., 45 AD3d 656 [2007]; Verette v Zia, 44 AD3d 747 [2007]; Nociforo v Penna, 42 AD3d 514 [2007]; see also Grasso v Angerami, 79 NY2d 813 [1991]; Pagano v Kingsbury, 182 AD2d 268 [1992]).
The report of Dr. Gregg Scudero dated July 26, 2004 failed to raise a triable issue of fact since he failed to set forth the objective tests he performed in coming to his conclusions therein that had decreased range of motion in his cervical and lumbar regions (see Murray v Hartford, 23 AD3d 629 [2005]; Nozine v Sav-On Car Rentals, 15 AD3d 555 [2005]; Bailey v Ichtchenko, 11 AD3d 419 [2004]; Kauderer v Penta, 261 AD2d 365 [1999]).
The reports of Dr. Timothy Barber were also insufficient to raise a triable issue of fact since the reports do not relate any injuries noted therein to the subject accident (see Itskovich v Lichenstadter, 2 AD3d 406 [2003]; Bonner v Hill, 302 AD2d 544 [2003]).
The magnetic resonance imaging (hereinafter MRI) reports of Dr. Alan Berlly were properly relied upon by Gastaldi, despite not being affirmed, because the results of these reports were set forth in the report of the defendants’ examining neurologist (see Williams v Clark, 54 AD3d 942 [2008]; Zarate v McDonald, 31 AD3d 632 [2006]; Ayzen v Melendez, 299 AD2d 381 [2002]). The lumbar spine MRI report merely noted that as of August 17, 2004, Peter showed evidence of a herniated disc at L5-S1. The cervical spine MRI report revealed a normal study. The mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (see LaFerlita v Seagull 2000, Inc., 54 AD3d 905 [2008]; Siegel v Sumaliyev, 46 AD3d 666 [2007]; Yakubov v CG Trans Corp., 30 AD3d 509, 510 [2006]; Kearse v New York City Tr. Auth., 16 AD3d 45, 49 [2005]). Gastaldi’s self-serving affidavit was insufficient to raise a triable issue of fact (see LaFerlita v Seagull 2000, Inc., 54 AD3d 905 [2008]).
Gastaldi also failed to submit competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (see LaFerlita v Seagull 2000, Inc., 54 AD3d 905 [2008]; Sainte-Aime v Ho, 274 AD2d 569 [2000]). Skelos, J.P., Ritter, Dillon, Garni and Leventhal, JJ., concur. [See 2007 NY Slip Op 32040(G).]