■ Austin R. Thompson, Appellant, v Juanita A. Saunders, Respondent. [871 NYS2d 335]—

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]), shifting the burden to the plaintiff to produce sufficient evidence to raise a triable issue of fact.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to produce competent medical evidence of restrictions in range of motion roughly contemporaneous with the subject accident (*see LaFerlita v Seagull 2000, Inc.*, 54 AD3d 905 [2008]). Since the defendant's doctor referred to the results of magnetic resonance imaging examinations demonstrating bulging and herniated discs, those results were properly before the court (*see Zarate v McDonald*, 31 AD3d 632 [2006]; *Ayzen v Melendez*, 299 AD2d 381 [2002]). However, the mere existence of bulging or herniated discs is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting therefrom (*see LaFerlita v Seagull 2000, Inc.*, 54 AD3d at 906; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 50 [2005]). Further, the plaintiff admitted that he continued working after the accident, and failed to submit competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see LaFerlita v Seagull 2000, Inc.*, 54 AD3d at 906).

In light of the foregoing, we need not reach the plaintiff's remaining contention. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.