(August 15, 2012)

AKM SHAFIQUL AZAM, as Father and Natural Guardian of NUSRAT JAHAN, an Infant, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [949 NYS2d 722]—

In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered February 1, 2011, which, upon an order of the same court entered January 7, 2011, granting

the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.

The defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting the affirmation of an expert who opined, inter alia, that the defendant did not deviate from accepted standards of care in its treatment of the subject infant (*see Heller v Weinberg*, 77 AD3d 622, 623 [2010]). However, the plaintiff, through his expert's affidavit and other evidence, raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the defendant's contention, the plaintiff's expert appropriately relied on the treating physician's letter regarding the infant's treatment and related insurance forms, as these documents were submitted by the defendant and relied upon by its expert (*see Zarate v McDonald*, 31 AD3d 632, 633 [2006]; *Thompson v Abbasi*, 15 AD3d 95, 97 [2005]; *Ayzen v Melendez*, 299 AD2d 381 [2002]). In addition, the plaintiff's expert appropriately relied on the treating physician's affirmation, as there was evidence that the physician provided all available medical records regarding the infant's treatment, and there was no evidence in the record that the Supreme Court precluded this physician from testifying at trial. Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.