■ CEASAR ROMERO et al., Respondents, v DUWAN BRATHWAITE et al., Appellants, et al., Defendants. [62 NYS3d 170]—

Appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 18, 2015. The order denied the motion of the defendants Duwan Brathwaite and Doris Montgomery for summary judgment dismissing the complaint insofar as asserted against them and pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them by the plaintiff Jason Romero.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Duwan Brathwaite and Doris Montgomery which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Ceasar Romero, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellants.

This action arises from a motor vehicle accident that occurred at the intersection of Henry Street and West 9th Street in Brooklyn on August 11, 2000. The plaintiffs were passengers in a vehicle driven by the defendant Duwan Brathwaite and owned by the defendant Doris Montgomery, which was struck on the passenger side by a vehicle driven by the defendant Elsio Rivera and owned by the defendant Talron Enterprises, Inc. According to the plaintiff Ceasar Romero (hereinafter Ceasar), Brathwaite was driving on West 9th Street, which did

not have a traffic control device at the subject intersection, while Rivera was driving on Henry Street, which had a stop sign at the subject intersection.

The plaintiffs commenced this action to recover damages for personal injuries, alleging that the accident was caused by the negligence of the drivers of the two vehicles, and that they each sustained serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the accident. Brathwaite and Montgomery (hereinafter together the moving defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, contending that Rivera's negligence in failing to yield the right-of-way to the vehicle operated by Brathwaite was the sole proximate cause of the accident and that Ceasar did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. In addition, the moving defendants moved pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them by the plaintiff Jason Romero based on his failure to appear for an examination before trial and an independent medical examination. The Supreme Court denied the motion, and the moving defendants appeal.

Contrary to the moving defendants' contention, the Supreme Court correctly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that Rivera's negligence was the sole proximate cause of the accident. As a general matter, a driver traveling on a road controlled by a stop sign who fails to yield the right-of-way is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Adobea v Junel*, 114 AD3d 818, 819 [2014]). The driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws that require him or her to yield (*see id.* at 819). However, "a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (*id.*; *see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *Todd v Godek*, 71 AD3d 872 [2010]). Here, while the moving defendants submitted evidence establishing Rivera's negligence as a matter of law in contributing to the happening of the accident by failing to yield the right-of-way to the vehicle operated by Brathwaite, they failed to establish, prima facie, that Brathwaite was free from fault in the happening of the accident (*see Todd v Godek*, 71 AD3d at 873). Accordingly, the court properly denied this branch of the motion, regardless of the sufficiency of the opposing papers (*see*

*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court erred, however, in determining that the moving defendants failed to meet their prima facie burden of showing that Ceasar did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The moving defendants established, prima facie, through the affirmed report of their medical expert, that Ceasar had experienced a sprain and/or strain in the cervical and lumbar regions of his spine, which had since resolved (*see Kreimerman v Stunis*, 74 AD3d 753, 754 [2010]; *Hasner v Budnik*, 35 AD3d 366, 367-368 [2006]). The medical expert's diagnoses were based on objective range of motion testing of the cervical and lumbosacral regions of Ceasar's spine, as well as a review of various medical records, including MRI reports produced shortly after the accident. The medical expert also measured normal ranges of motion with respect to Ceasar's right shoulder, which had undergone arthroscopic surgery in 2001, and concluded that "there is no objective evidence of orthopedic disability or residuals" and "no orthopedic limitations." Moreover, the moving defendants established, through Ceasar's deposition testimony, that he missed, in total, two weeks of work as a result of the accident (*see Kreimerman v Stunis*, 74 AD3d at 754). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Ceasar sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see* CPLR 3212 [b]; *Morales v Theagene*, 46 AD3d 775, 776 [2007]). Accordingly, the court should have granted that branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by Ceasar.

The moving defendants' remaining contention is without merit. Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.