Hunt v New York City Tr. Auth. (2018 NY Slip Op 07706)





Hunt v New York City Tr. Auth.


2018 NY Slip Op 07706


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-08899
 (Index No. 100109/15)

[*1]Dianna Hunt, appellant, 
v
New York City Transit Authority, et al., respondents, et al., defendants.


Chelli & Bush, Staten Island, NY (Helen M. Rosenblatt of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Crystal E. Nagy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated July 17, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants New York City Transit Authority, NYC Transit Authority Division of Paratransit, MV Public Transportation, Inc., and Alfred A. Koroma which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when an Access-A-Ride van owned by the defendants New York City Transit Authority, NYC Transit Authority Division of Paratransit, and MV Public Transportation, Inc., which was operated by the defendant Alfred A. Koroma (hereinafter collectively the Transit defendants), in which the plaintiff was a passenger, came into contact with another vehicle owned by the defendant Bing Li Zhao and operated by the defendant Qi Nu Liang. The collision occurred at the intersection of Tompkins Avenue and St. Johns Avenue in Staten Island. The plaintiff subsequently commenced this action to recover damages for personal injuries. After joinder of issue and the filing of the note of issue, the Transit defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the Transit defendants' motion, and the plaintiff appeals.
Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard (see Vehicle and Traffic Law § 1142[a]). As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law (see Romero v Brathwaite, 154 AD3d 894, 895; D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 649; Adobea v Junel, 114 AD3d 818, 819). Moreover, a driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127; Estate of Cook v Gomez, 138 AD3d 675, 677; Smith v Omanes, 123 AD3d 691; Williams v Hayes, 103 AD3d 713, 714; Bonilla v Calabria, 80 [*2]AD3d 720).
Here, the Transit defendants established their prima facie entitlement to judgment as a matter of law by submitting the transcripts of the parties' deposition testimony. Koroma testified that just before the accident the Transit defendants' vehicle was traveling straight on Tompkins Avenue through its intersection with St. Johns Avenue. Tompkins Avenue was not governed by any traffic control device at its intersection with St. Johns Avenue. The defendant Qi Nu Liang was turning right from St. Johns Avenue onto Tompkins Avenue, in the same direction as the Transit defendants' vehicle, when the subject accident occurred. St. Johns Avenue was governed by a stop sign at its intersection with Tompkins Avenue. This testimony was sufficient to establish, prima facie, that the defendant Qi Nu Liang negligently drove her vehicle into the intersection without yielding the right-of-way, and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Fuertes v City of New York, 146 AD3d 936, 937; Wolf v Cruickshank, 144 AD3d 1144, 1145; Breen v Seibert, 123 AD3d 963, 964-965). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Transit defendants were negligent in the happening of the subject accident.
Accordingly, we agree with the Supreme Court's granting of that branch of the Transit defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court