■ MARLENE POWELL, Appellant, v WALTER P. HURDLE, Defendant, and ASHLEY C. WILLIAMS, Respondent. [625 NYS2d 634] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated November 26, 1993, which granted the motion of the defendant Ashley C. Williams for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order is affirmed, with costs.

Upon the record before us we agree that the plaintiff has not made out a prima facie case of serious injury. In opposition to the defendant's motion for summary judgment, the plaintiff submitted a medical affirmation, dated August 24, 1993, from her examining physician, Dr. Alan Genicoff, in which he avers that as a result of the accident the plaintiff sustained, *inter alia,* disc herniation at seven different locations in the spine. However, Dr. Genicoff's report dated January 31, 1990, his subsequent submission to the no-fault carrier on October 26, 1990, after approximately 30 office visits, and the report of the MRI, are barren of any finding of disc herniation. Rather the relevant portions of those assessments state "acute cervical sprain" and "acute lumbrosacral spine sprain".

As a general rule the credibility of an affidavit should not be weighed on a motion for summary judgment *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Computer Strategies v Commodore Bus. Machs.,* 105 AD2d 167). However, Dr. Genicoff's failure to reconcile his reports with his findings in his subsequent affirmation, based on those reports, makes it clear that the assertions in his affirmation were tailored to meet the statutory requirements and should therefore be disregarded *(see, Lopez v Senatore,* 65 NY2d 1017; *Marshall v Albano,* 182 AD2d 614). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.