■ LAUREEN A. PAUL et al., Respondents, v JOSEPH J. TREROTOLA, Appellant. [782 NYS2d 773]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 28, 2003, as denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff Laureen A. Paul did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that the plaintiff Laureen A. Paul (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of the plaintiff's deposition, her medical records, and the affirmation of the defendant's examining physician (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Hodges v Jones,* 238 AD2d

962 [1997]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]). The medical records included an electromyography report that was normal with no evidence of cervical radiculopathy or peripheral nerve entrapment. The defendant's examining physician found a full range of motion in the cervical spine, and, despite complaints of pain, found no objective abnormalities.

The affirmation of the plaintiff's treating physician submitted in opposition to the defendant's motion was insufficient to raise a triable issue of fact. The physician's report was set forth in only the most conclusory language, obviously tailored to meet the statutory requirements (*see Powell v Hurdle,* 214 AD2d 720 [1995]; *Giannakis v Paschilidou,* 212 AD2d 502 [1995]), and was unsubstantiated by any verified objective medical findings (*see Giannakis v Paschilidou, supra; Grossman v Wright,* 268 AD2d 79, 84 [2000]; *Kauderer v Penta,* 261 AD2d 365 [1999]). Nor was there any competent medical evidence which would support a claim that the plaintiff was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days following the accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Altman, J.P., Krausman, Luciano, Mastro and Lifson, JJ., concur.