■ MARILYN CANTANZANO, Respondent, v ELAYNE B. MEI et al., Appellants. [782 NYS2d 809]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated November 17, 2003, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmations of the plaintiff's physicians submitted in opposition to the defendants' motion were insufficient to raise a triable issue of fact. The findings of the physicians who treated the plaintiff immediately after the accident were vague and conclusory (see Kauderer v Penta, 261 AD2d 365 [1999]; Carroll v Jennings, 264 AD2d 494 [1999]). Moreover, the findings of limitations in the cervical spine by the expert who examined the plaintiff for the first time 3½ years after the accident were refuted by the medical records that showed that the plaintiff had a "good range of motion" by mid-July of 2000, three years before the expert's examination.

The plaintiff failed to submit any competent medical evidence which would have supported a claim that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]; Jackson v New York City Tr. Auth., 273 AD2d 200 [2000]; Greene v Miranda, 272 AD2d 441 [2000]; Arshad v Gomer, 268 AD2d 450 [2000]; Bennett v Reed, 263 AD2d 800 [1999]; DiNunzio v County of Suffolk, 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.