■ CONSTANTINE BARNES, Appellant, v RENAE CISNEROS, Respondent. [790 NYS2d 513]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated February 23, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The affirmations of the defendant's examining physicians, when considered with the plaintiff's deposition testimony, made out a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Fragale v Geiger,* 288 AD2d 431 [2001]; *Hodges v Jones,* 238 AD2d 962 [1997]; *Gleason v Huber,* 188 AD2d 581 [1992]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]). The affidavits of the plaintiff's physicians submitted in opposition to the defendant's motion were insufficient to raise a triable issue of fact as, inter alia, they failed to adequately account for the gap of time between the conclusion of the plaintiff's medical treatments and their examinations (*see*

*Jimenez v Kambli,* 272 AD2d 581 [2000]; *Smith v Askew,* 264 AD2d 834 [1999]), failed to adequately account for the plaintiff's having been injured in a subsequent accident *(see e.g. Dimenshteyn v Caruso,* 262 AD2d 348 [1999]), appeared to be solely based upon the plaintiff's subjective complaints of pain *(see Barrett v Howland,* 202 AD2d 383 [1994]; *LeBrun v Joyner,* 195 AD2d 502 [1993]; *Coughlan v Donnelly,* 172 AD2d 480 [1991]), and appeared to have been tailored solely to meet the statutory requirements *(see Giannakis v Paschilidou,* 212 AD2d 502 [1995]; *Powell v Hurdle,* 214 AD2d 720 [1995]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.