■ JAMES DORAN, Respondent, v ANTHONY SEQUINO, Appellant. [795 NYS2d 245]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 12, 2004, as denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing of his entitlement to summary judgment by submitting the affirmed medical reports of his radiologist and examining orthopedist and neurologist which established that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Submitted in opposition to the motion, the affirmation of the plaintiff's physician was insufficient to raise a triable issue of fact on the question of serious injury. Not only did the physician fail to indicate any awareness of the congenital and degenerative conditions in the plaintiff's cervical spine, but the results of his examination, conducted approximately two years after the conclusion of the plaintiff's medical treatment, were directly contradicted by the findings of the plaintiff's own treating physician made within a few months of the ac-

cident (*see Check v Gacevk,* 14 AD3d 586 [2005]). Moreover, there was no competent medical evidence to indicate that the plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.