■ Sharon A. Brown, Respondent, v Tairi Hacking Corp. et al., Appellants. (And a Third-Party Action.) [804 NYS2d 756]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated July 14, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants submitted the affirmed medical reports of a neurologist and orthopedist who examined the plaintiff and determined that he did not suffer from any disabilities, impairments, or limitations in functioning, as well as the affirmed medical report of a radiologist who indicated that the plaintiff's magnetic resonance imaging reports of the cervical spine revealed only degenerative changes unrelated to the accident.

This evidence sufficed to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Luckey v Bauch*, 17 AD3d 411 [2005]; *Sims v Megaris*, 15 AD3d 468 [2005], *lv denied* 5 NY3d 703 [2005]; *Check v Gacevk*, 14 AD3d 586 [2005]; *Paul v Trerotola*, 11 AD3d 441 [2004]; *Mastaccioula v Sciarra*, 11 AD3d 434 [2004]).

The affirmations of the plaintiff's doctors failed to raise a triable issue of fact. One physician based his affirmation upon examinations two years prior to the motion (*see Kauderer v Penta*, 261 AD2d 365 [1999]; *see also Batista v Olivo*, 17 AD3d 494 [2005]; *Constantinou v Surinder*, 8 AD3d 323 [2004]; *Mohamed v Dhanasar*, 273 AD2d 451 [2000]), while the other physician, who examined the plaintiff more recently, failed to account for the notations in the plaintiff's medical records indicating that the plaintiff had recovered from his injuries within a few months of the accident (*see Doran v Sequino*, 17 AD3d 626 [2005]; *Cantanzano v Mei*, 11 AD3d 500 [2004]; *Powell v Hurdle*, 214 AD2d 720 [1995]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.