■ GIOVANNI MAGARIN et al., Appellants, v JOSEPH KROPF, Respondent. [807 NYS2d 398]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated September 15, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' arguments, the defendant's evidence, which consisted of the affirmed medical reports of his examining physician and the respective plaintiffs' deposition testimony, was sufficient to establish a prima facie case that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Batista v Olivo, 17 AD3d 494 [2005]; Grant v Fofana, 10 AD3d 446 [2004]). The plaintiffs' evidence, on the other hand, was insufficient to raise a triable issue of fact. Although the plaintiffs' physician reported finding restrictions in the ranges of motion of the cervical and lumbar regions of the plaintiffs' spines when he examined them in May of 2004, he failed to reconcile these findings with his findings of little or no restrictions when he examined the plaintiffs just six months earlier (see Powell v Hurdle, 214 AD2d 720 [1995]). Furthermore, the plaintiffs' physician relied upon unsworn medical reports and records provided by others in arriving at his determination (see Friedman v U-Haul Truck Rental, 216 AD2d 266 [1995]; see also Mahoney v Zerillo, 6 AD3d 403 [2004]; D'Amato v Mandello, 2 AD3d 482 [2003]; Perovich v Liotta, 273 AD2d 367 [2000]; Williams v Hughes, 256 AD2d 461 [1998]; Merisca v Alford, 243 AD2d 613 [1997]).

Moreover, there was no competent medical evidence to support the plaintiffs' claim that as a result of the subject accident they were unable to perform substantially all of their usual and customary daily activities for not less than 90 of the first 180 days following the accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]; see also Davis v New York City Tr. Auth., 294 AD2d 531 [2002]; Arshad v Gomer, 268 AD2d 450 [2000]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.