■ CYNTHIA KAPLAN, Respondent, v DORCAS VANDERHANS et al., Appellants. [809 NYS2d 582]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated January 28, 2005, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, and the complaint is dismissed.

Contrary to the Supreme Court's finding, the defendants' evidence, consisting of the plaintiff's deposition testimony, medical records from the plaintiff's treating neurologist, the affirmed report of their own radiologist, and the affirmed reports of their own examining orthopedist and neurologist,. established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's submissions failed to address the finding of the defendants' radiologist who attributed the plaintiff's bulging discs in her cervical spine and herniated disc in her thoracic spine to degeneration (*see Giraldo v Mandanici,* 24 AD3d 419 [2005]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]). Therefore, this rendered speculative the opinion in the affirmed medical report of the plaintiff's treating physician that the plaintiff's conditions, including radiculopathy, were caused by the subject motor vehicle accident (*see Giraldo v Mandanici, supra*; *Lorthe v Adeyeye, supra*). Moreover, the plaintiff's treating physician also failed to account for the notations in the plaintiff's medical records which indicated that she recovered from her injuries within five months of the accident (*see Brown v Tairi Hacking Corp.,* 23 AD3d 325 [2005]; *Cantanzano v Mei,* 11 AD3d 500 [2004]). Finally, the plaintiff failed to submit any competent medical evidence to support her claim that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.