■ Joelle Rabolt, Appellant, v Joohyun Park et al., Defendants, and John W. Keating et al., Respondents. [858 NYS2d 197]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 28, 2006, as granted the motion of the defendants John W. Keating and All Corporate Transport, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, that branch of her cross motion which was for summary judgment on the issue of liability against those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants John W. Keating and All Corporate Transport, Inc., met their initial prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Meyers v Bobower Yeshiva Bnei Zion, 20 AD3d 456 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.

Initially, the chiropractic and physical therapy reports relied upon by the plaintiff were not competent evidence since the chiropractic report was not sworn to before a notary and the physical therapy reports were not affirmed (see Grasso v Angerami, 79 NY2d 813, 814-815 [1991]; Patterson v NY Alarm Response Corp., 45 AD3d 656 [2007]; Verette v Zia, 44 AD3d 747, 748 [2007]; Nociforo v Penna, 42 AD3d 514 [2007]; see also Kunz v Gleeson, 9 AD3d 480, 481 [2004]; Santoro v Daniel, 276 AD2d 478 [2000]). The hospital records, which were properly relied upon, merely showed that the plaintiff was diagnosed with a back sprain. Sprains and strains are not serious injuries within the meaning of Insurance Law § 5102 (d) (see Washington v Cross, 48 AD3d 457 [2008]; Hasner v Budnik, 35 AD3d 366, 367-368 [2006]).

Neither the affirmation of Dr. David Khanan, nor his reports, raised a triable issue of fact. Dr. Khanan concluded in his affirmation dated July 12, 2006 that the plaintiff sustained permanent injuries as a result of the subject accident, yet his findings were based on examinations that occurred in 2004 and January

2005, and not upon a recent examination (*see Morales v Theagene*, 46 AD3d 775, 776 [2007]; *Ali v Mirshah*, 41 AD3d 748, 749 [2007]; *Elgendy v Nieradko*, 307 AD2d 251 [2003]). The affirmation of Dr. Jean-Robert Desrouleaux also failed to raise a triable issue of fact. In that affirmation, also dated July 12, 2006, Dr. Desrouleaux concluded that the plaintiff's cervical range of motion was restricted as a result of the subject accident. However, in his medical report dated April 9, 2004, eight days after the subject accident, he noted that the plaintiff had normal range of motion in her neck (*see Magarin v Kropf*, 24 AD3d 733, 734 [2005]; *Brown v Tairi Hacking Corp.*, 23 AD3d 325, 326 [2005]; *Doran v Sequino*, 17 AD3d 626 [2005]; *Cantanzano v Mei*, 11 AD3d 500 [2004]). Moreover, the submissions of both doctors further failed to acknowledge that the plaintiff was involved in a prior accident. These omissions rendered speculative the findings of both doctors that the injuries and limitations noted in the plaintiff's spine were the result of the subject accident (*see Moore v Sarwar*, 29 AD3d 752, 753 [2006]; *Tudisco v James*, 28 AD3d 536, 537 [2006]; *Bennett v Genas*, 27 AD3d 601, 602 [2006]).

The magnetic resonance imaging reports concerning the plaintiff's cervical and lumbar spine merely established that as of May and June 2004 the plaintiff showed evidence of herniated discs in the cervical and lumbar regions of her spine. The mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sharma v Diaz*, 48 AD3d 442 [2008]; *Mejia v DeRose*, 35 AD3d 407, 408 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]; *Diaz v Turner*, 306 AD2d 241, 242 [2003]). The plaintiff's affidavit was insufficient to satisfy that requirement (*see Young Soo Lee v Troia*, 41 AD3d 469, 470 [2007]; *Nannarone v Ott*, 41 AD3d 441, 442 [2007]; *Vidor v Davila*, 37 AD3d 826, 827 [2007]).

Finally, the plaintiff failed to proffer any competent medical evidence that she sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.