■ MARIANNE A. LANDICHO, Respondent, v MARTHA RINCON et al., Appellants. [861 NYS2d 417]——

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 15, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff principally relied on the affirmation of Dr. Sunil Butani, her treating physician. While Dr. Butani concluded that the plaintiff sustained permanent injuries and significant limitations, the findings contained in his affirmation were not based on a recent examination (*see Cornelius v Cintas Corp.*, 50 AD3d 1085 [2008]; *Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]; *Ali v Mirshah*, 41 AD3d 748 [2007]; *Elgendy v Nieradko*, 307 AD2d 251 [2003]). The magnetic resonance imaging reports of Dr. Eliezer Offenbacher and Dr. Charles DeMarco, as well as the physical therapy reports concerning the plaintiff, were without any probative value since they were unaffirmed (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The medical reports of Dr. Butani also were without any probative value since they were unaffirmed, and were not incorporated into his affirmation by reference. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.