■ CHOI PING WONG, Appellant, v PIERRE INNOCENT, Respondent. [864 NYS2d 435]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated June 18, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident

(*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. Initially, the hospital records of the plaintiff, as well as the unaffirmed medical reports of Dr. Abraham Asmamaw, were without any probative value since they were unsworn (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]; *see also Mejia v DeRose,* 35 AD3d 407 [2006]).

The submission of the affirmed magnetic resonance imaging reports of Dr. Ayoob Khodadadi merely evinced that as of June 20, 2003, the plaintiff had a herniated disc at C5-C6 and L3-L4, as well as tears in the supraspinatus tendon and anterior labrum of the left shoulder. The mere existence of a herniated disc, and even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583 [2007]). The self-serving affidavit of the plaintiff, as well as her deposition testimony, were also insufficient to raise a triable issue of fact (*see Casas v Montero,* 48 AD3d 728 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583 [2007]).

Dr. Randolph Roserion, in his affirmation, failed to raise a triable issue of fact sufficient to defeat the defendant's establishment of entitlement to summary judgment. He relied upon unsworn medical reports in reaching his conclusions (*see Malave v Basikov,* 45 AD3d 539 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]), and neither his affirmation nor his medical report showed range of motion limitations roughly contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]; *Morales v Daves,* 43 AD3d 1118 [2007]; *Rodriguez v Cesar,* 40 AD3d 731 [2007]).

Finally, none of the plaintiff's admissible submissions adequately explained a 3½ year gap between when she stopped her initial treatment and her most recent examination (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Singh v DiSalvo,* 48 AD3d 788 [2008]; *Waring v Guirguis,* 39 AD3d 741 [2007]).

The parties' remaining contentions have been rendered academic. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.