■ JEAN FELIX et al., Respondents, v GERMAIN WILDRED, Appellant. [863 NYS2d 832]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated February 8, 2008, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff Jean Felix did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Contrary to the Supreme Court's determination, the defendant met his prima facie burden by showing that the plaintiff Jean Felix (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]), which occurred on January 14, 2006. The affirmed medical report of the defendant's examining neurologist clearly showed that the injured plaintiff, when examined, had normal memory for recent and past events, was able to calculate, and showed no deficits in cognitive function.

In opposition, the plaintiffs failed to raise a triable issue of fact. Although the injured plaintiff's treating neurologist reported that an examination on September 20, 2006 revealed that the injured plaintiff sustained a memory loss, the neurologist failed to reconcile this finding with his findings of normal concentration, attention, and memory going back eight months preceding that examination, made in connection with three postaccident examinations of the injured plaintiff on January 23, 2006, February 24, 2006, and March 24, 2006, respectively (*see Magarin v Kropf,* 24 AD3d 733 [2005]; *Powell v Hurdle,* 214 AD2d 720 [1995]). Since the injured plaintiff did not allege in his bill of particulars that he injured his spine, any claims concerning his spine were not considered by this Court, and should not have been considered by the Supreme Court (*see Ifrach v Neiman,* 306 AD2d 380 [2003]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.