In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated September 24, 2007, as granted the defendant’s motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant met his prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Giraldo v Mandanici, 24 AD3d 419 [2005]; Meyers v Bobower Yeshiva Bnei Zion, 20 AD3d 456 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs principally relied on the affirmations of Dr. Joseph Perez, their treating physician, to oppose the defendant’s motion. Dr. Perez’s affirmation concerning the plaintiff Julia Carrillo failed to raise a triable issue of fact as to whether she sustained a serious injury under the significant limitation and/or permanent limitation-of-use categories of Insurance Law § 5102 (d) because his findings were not based on a recent examination (see Landicho v Rincon, 53 AD3d 568, 569 [2008]; Cornelius v Cintas Corp., 50 AD3d 1085 [2008]; Young Hwan Park v Orellana, 49 AD3d 721 [2008]; Amato v Fast Repair Inc., 42 AD3d 477 [2007]).
Dr. Perez’s affirmation concerning the plaintiff Edwin Car-
*713 rillo also failed to raise a triable issue of fact as to whether that plaintiff sustained a serious injury to his lumbar spine or cervical spine under the same categories of Insurance Law § 5102 (d), because Perez failed to reconcile his report dated May 16, 2006, with the findings in his subsequent affirmation, based, in part, on that report. Dr. Perez clearly set forth in his affirmed medical report dated May 16, 2006, that Edwin had full range of motion in his cervical, thoracic, and lumbar spines as of that date. Yet in his affirmation, which was based in part on that report, he determined that Edwin had range-of-motion limitations in those areas in 2007. His failure to reconcile his findings in 2007 with his findings of full range of motion in 2006 rendered his affirmation insufficient to raise a triable issue of fact (see Magarin v Kropf 24 AD3d 733 [2005]; Powell v Hurdle, 214 AD2d 720 [1995]; Antorino v Mordes, 202 AD2d 528 [1994]). Furthermore, it is clear that Dr. Perez relied on unsworn reports of other physicians in coming to his conclusions in his affirmation (see Uribe-Zapata v Capallan, 54 AD3d 936 [2008]; Malave v Basikov, 45 AD3d 539 [2007]; Verette v Zia, 44 AD3d 747 [2007]; Furrs v Griffith, 43 AD3d 389 [2007]; see also Friedman v U-Haul Truck Rental, 216 AD2d 266, 267 [1995]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur. [See 2007 NY Slip Op 33058(U).]