FRANK J. SAPIENZA, III, Appellant, v DEBRA A. RUGGIERO, Respondent, et al., Defendant. [869 NYS2d 192]—

In support of her motion, the defendant Debra A. Ruggiero (hereinafter the defendant) met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject

accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Initially, the plaintiff's hospital records, the physical therapy evaluation of Justin Bonacci and the medical report of Dr. Samson Mebrahtu, were without any probative value in opposing the defendant's motion because they were unsworn (*see Grasso v Angerami,* 79 NY2d 813, 814-815 [1991]; *Uribe-Zapata v Capallan,* 54 AD3d 936, 937 [2008]; *Choi Ping Wong v Innocent,* 54 AD3d 384, 385 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747, 748 [2007]; *Nociforo v Penna,* 42 AD3d 514, 515 [2007]; *Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]; *see also Mejia v DeRose,* 35 AD3d 407 [2006]).

The affirmation and the reports of Dr. Michael Shapiro, one of the plaintiff's treating physicians, were insufficient to raise a triable issue of fact since those submissions failed to set forth any objective medical findings which revealed the existence of any limitations in the plaintiff's cervical or lumbar spine.

The affidavit of Dr. Walter Alexovitz, the plaintiff's treating chiropractor, also failed to raise a triable issue of fact. Initially, Dr. Alexovitz failed to explain the gap in the plaintiff's treatment between when he stopped treating in July 2005 and when he was last examined by Dr. Alexovitz on August 16, 2006 (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]). Furthermore, while Dr. Alexovitz stated that the plaintiff sustained limitations in cervical spine range of motion, he failed to set forth the objective tests he performed to arrive at those conclusions (*see Budhram v Ogunmoyin,* 53 AD3d 640, 641 [2008]; *Piperis v Wan,* 49 AD3d 840, 841 [2008]; *Murray v Hartford,* 23 AD3d 629 [2005]; *Nelson v Amicizia,* 21 AD3d 1015, 1016 [2005]). While he also concluded that the injuries to the plaintiff's back and neck were the result of the subject accident, he failed to address the fact that the plaintiff was involved in a prior wrestling accident one year earlier in which he injured his neck and back, and failed to address the fact that the plaintiff re-injured his back once or twice during treatment after the subject accident occurred. These failures rendered speculative his conclusions that the plaintiff's cervical and lumbar injuries and limitations noted by him were the result of the subject accident (*see Penaloza v Chavez,* 48 AD3d 654 [2008]; *Moore v Sarwar,* 29 AD3d 752 [2006]; *Tudisco v James,* 28 AD3d 536 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]).

The affirmed medical report of Dr. Davis Khanan, another of the plaintiff's treating physicians, dated October 24, 2005, failed to raise a triable issue of fact despite the fact that he concluded that the plaintiff sustained consequential limitations in his cervical and lumbar ranges of motion, and that his injuries were permanent. Dr. Khanan's projections of permanence were without any probative value in the absence of a recent examination (*see Landicho v Rincon,* 53 AD3d 568 [2008]; *Elgendy v Nieradko,* 307 AD2d 251 [2003]).

The affirmation of Dr. Michael Streiter, a radiologist, merely established that as of January 7, 2004, the plaintiff had a herniated disc at L5-S1. The mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Cornelius v Cintas Corp.,* 50 AD3d 1085, 1087 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583, 584 [2007]). Dr. Streiter did not, in his affirmation, state his opinion on the cause of the herniated disc noted therein (*see Collins v Stone,* 8 AD3d 321, 322 [2004]). This report also revealed the existence of degeneration at the L5-S1 level, which was never addressed by the plaintiff's experts in their reports.

The affidavit of the plaintiff was insufficient to raise a triable issue of fact (*see Sealy v Riteway-1, Inc.,* 54 AD3d 1018, 1019 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]).

Lastly, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park,* 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 31495(U).]