■ DENISE LUIZZI-SCHWENK, Appellant, v RASPAL SINGH et al., Respondents. [872 NYS2d 176]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated December 20, 2007, which granted the separate motions of the defendants, Raspal Singh and Cookie Cab Corp., and Toni M. Panza and Robert A. Panza, respectively, for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

In support of their separate motions for summary judgment the defendants, Raspal Singh and Cookie Cab Corp., and Toni M. Panza and Robert A. Panza, relied on the same submissions. The defendants met their prima facie burdens of showing that

the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury to her lumbar spine under the permanent limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d), since she has failed to proffer any competent medical evidence that revealed the existence of a significant range of motion limitation in her lumbar spine that was contemporaneous with the subject accident (*see Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]). Furthermore, the plaintiff failed to proffer any medical evidence that was based upon a recent examination (*see Diaz v Lopresti*, 57 AD3d 832 [2008]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Landicho v Rincon*, 53 AD3d 568 [2008]).

The affirmed magnetic resonance imaging (hereinafter MRI) report of Dr. Alan B. Greenfield dated March 17, 2005, merely revealed the existence of disc herniations at L4-5 and L5-S1, as well as a coexisting disc bulge at L5-S1. The affirmed MRI report of Dr. Linda Harkavy merely revealed, on January 16, 2006, the existence of disc herniations at L3-4, L4-5, and L5-S1. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527 [2008]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). Neither Dr. Greenfield nor Dr. Harkavy set forth an opinion of the cause of the herniated or bulging discs noted within their respective reports (*see Collins v Stone*, 8 AD3d 321 [2004]). The self-serving affidavit of the plaintiff was insufficient to raise a triable issue of fact (*see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]).

Lastly, the plaintiff failed to submit competent medical evidence that the injuries she sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Spolzino, J.P., Covello, McCarthy and Belen, JJ., concur.