■ Sirsa V. Ponciano et al., Respondents, v William C. Schaefer, Appellant. [873 NYS2d 212]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 3, 2008, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant satisfied his prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The reports of Dr. Louis C. Rose, dated March 21, 2005, concerning the plaintiffs, as well as the report of Dr. Mario Nelson dated May 11, 2005, concerning only the plaintiff Aurora Ponciano, were without any probative value in opposing the defendant's motion because they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Uribe-Zapata v Capallan*, 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The November 20, 2007, report by Dr. Rose was insufficient to raise a triable issue of fact since Dr. Rose did not perform any range of motion testing at that time (*see Fiorillo v Arriaza*, 52 AD3d 465, 466 [2008]; *Sharma v Diaz*, 48 AD3d 442, 443 [2008]). The medical reports of Dr. Allen Rothpearl, although affirmed, established only that as of March and April 2005, Aurora had disc bulges in her lumbar spine and a disc bulge and protrusion in her cervical spine, and that as of March, April, and May 2005, the plaintiff Sirsa Ponciano had a disc protrusion in her thoracic spine, and disc bulges in her cervical spine and lumbar spine. The existence of a herniated or bulging disc, however, is not sufficient to raise a triable issue of fact as to the existence of a serious injury without objective evidence of the extent and duration of the physical limitations allegedly resulting from the disc injury (*see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527 [2008]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The affidavits of the respective plaintiffs were insufficient to satisfy that requirement (*see Rabolt v Park*, 50 AD3d 995, 996 [2008]; *Young Soo Lee v Troia*, 41 AD3d 469, 470 [2007]; *Nannarone v Ott*, 41 AD3d 441, 442 [2007]).

Furthermore, neither the plaintiffs nor Dr. Rose explained the gap of more than 2½ years between his initial treatment of them on March 21, 2005, and the more recent examinations by him on November 20, 2007 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Strok v Chez*, 57 AD3d 887 [2008]; *Sapienza v Rug-*

*giero*, 57 AD3d 643 [2008]; *cf. Domanas v Delgado Travel Agency, Inc.*, 56 AD3d 717 [2008]).

Finally, the plaintiffs failed to submit competent medical evidence that the injuries they allegedly sustained as a result of the accident rendered them unable to perform substantially all of their daily activities for not less than 90 days of the first 180 days thereafter (*see Rabolt v Park*, 50 AD3d at 996; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Spolzino, J.P., Ritter, Covello, McCarthy and Belen, JJ., concur.