■ Lloyd Thomas, Plaintiff, and Esther Thomas, Appellant, v Colin Weeks, Respondent, et al., Defendants. [878 NYS2d 182]—

In an action to recover damages for personal injuries, the plaintiff Esther Thomas appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated October 5, 2007, which granted the motion of the defendant Colin Weeks for summary judgment dismissing the complaint insofar as asserted by her against that defendant on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant Colin Weeks met his prima facie burden of showing that the plaintiff Esther Thomas (hereinafter the appellant) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the appellant did not raise a triable issue of fact. The affirmation and annexed reports of Dr. Michael Daras, the appellant's treating neurologist, failed to raise a triable issue of fact. While Daras noted significant range-of-motion limitations in the appellant's cervical spine during examinations in September 2003 and October 2003, and deemed the appellant's injuries permanent in his affirmation dated September 6, 2007, he failed to recon-

cile those findings with the findings he made on November 20, 2003, January 12, 2004, and July 19, 2007, where he found that the appellant had full range of motion in her cervical spine (*see Carrillo v DiPaola*, 56 AD3d 712 [2008]; *Magarin v Kropf*, 24 AD3d 733 [2005]; *Powell v Hurdle*, 214 AD2d 720 [1995]; *Antorino v Mordes*, 202 AD2d 528 [1994]). At no point in time did Daras ever test the appellant's left knee range of motion, and he found on several dates that the appellant had full range of motion in her lumbar spine.

Moreover, neither the appellant nor Daras adequately explained the 3½-year gap in her treatment between January 2004 and July 2007 (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Strok v Chez*, 57 AD3d 887 [2008]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]).

The appellant's affidavit was insufficient to raise a triable issue of fact (*see Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018, 1019 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]).

Lastly, the appellant failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.