■ Monica Maffei, Respondent, v Noel F. Santiago et al., Appellants. [— NYS2d —]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), dated November 25, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff principally relied on the affidavit of her treating neurologist, Dr. Michael

Daras. Dr. Daras' affidavit was insufficient to raise a triable issue of fact. Neither the plaintiff nor Dr. Daras explained the 18-month gap in her treatment between March 2006 and September 2007 (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Ponciano v Schaefer,* 59 AD3d 605 [2009]; *Garcia v Lopez,* 59 AD3d 593 [2009]; *Pompey v Carney,* 59 AD3d 416 [2009]; *Sapienza v Ruggiero,* 57 AD3d 643 [2008]). Moreover, Dr. Daras failed to acknowledge in his affidavit that the plaintiff reinjured her back in a subsequent accident, and therefore his conclusion that the limitations he noted in the plaintiff's lumbar spine were caused by the subject accident was rendered speculative (*see Barnes v Cisneros,* 15 AD3d 514 [2005]; *Mooney v Edwards,* 12 AD3d 424 [2004]). Furthermore, Dr. Daras failed to account for notations in the plaintiff's medical records indicating that she had full range of motion in her neck, back, and ankles within two months of the subject accident (*see Kaplan v Vanderhans,* 26 AD3d 468 [2006]; *Brown v Tairi Hacking Corp.,* 23 AD3d 325 [2005]).

The medical reports of Dr. James McWilliam were without any probative value in opposing the defendants' motion because they were unaffirmed (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Niles v Lam Pakie Ho,* 61 AD3d 657 [2009]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]).

Finally, the plaintiff's affidavit was insufficient to raise a triable issue of fact (*see Thomas v Weeks,* 61 AD3d 961 [2009]; *Luizzi-Schwenk v Singh,* 58 AD3d 811 [2009]; *Gochnour v Quaremba,* 58 AD3d 680 [2009]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.