JALAJA K. SHAJI, Respondent, v CITY OF NEW ROCHELLE et al., Appellants. [886 NYS2d 764]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered February 2, 2009, which denied their motion for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury is granted, and the motion is otherwise denied as academic.

The Supreme Court properly determined that the defendants, in support of their motion, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The Supreme Court erred, however, in finding that the plaintiff's submissions were sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury within the meaning of the no-fault statute.

In opposition to the defendants' motion on the issue of serious injury, the plaintiff improperly relied on, inter alia, the unaffirmed medical reports from "Physical Performance Testing of New York" (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Maffei v Santiago,* 63 AD3d 1011 [2009]; *Niles v Lam Pakie Ho,* 61 AD3d 657 [2009]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]). The affirmed medical reports of Dr. Richard Harvey from 2008 failed to raise a triable issue of fact because while Dr. Harvey noted limitations in the plaintiff's cervical and lumbar spine ranges of motion, he failed to set forth any conclusion that the limitations noted therein were caused by the subject accident (*see Morris v Edmond,* 48 AD3d 432 [2008]; *Itskovich v Lichenstadter,* 2 AD3d 406 [2003]). Furthermore, Dr. Harvey failed to account for notations in the plaintiff's medical records indicating that the plaintiff had full range of motion in her neck and back within three months after the subject accident (*see Maffei v Santiago,* 63 AD3d 1011 [2009]; *Kaplan v Vanderhans,* 26 AD3d 468 [2006]; *Brown v Tairi Hacking Corp.,* 23 AD3d 325 [2005]). Moreover, the plaintiff failed to explain the cessation of her treatment after March 2006 (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Ponciano v Schaefer,* 59 AD3d 605 [2009]; *Garcia v Lopez,* 59 AD3d 593 [2009]; *Pompey v Carney,* 59 AD3d 416 [2009]; *Sapienza v Ruggiero,* 57 AD3d 643 [2008]).

The plaintiff also failed to provide any competent medical evidence that the injuries allegedly sustained by her in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of

the first 180 days subsequent to the subject accident (*see Washington v Mendoza,* 57 AD3d 972 [2008]; *Rabolt v Park,* 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]).

The defendants' remaining contention has been rendered academic in light of our determination. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.