XIOMARA COLLADO, Respondent, v JOHNNY A. ABOUZEID et al., Appellants. [890 NYS2d 326]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

In opposing the defendants' cross motion, the plaintiff

principally relied upon the affidavit of Dr. Jeffrey Block, her treating chiropractor. Neither Dr. Block nor the plaintiff adequately explained the cessation of her treatment after May 2006 (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *see also Shaji v City of New Rochelle,* 66 AD3d 760 [2009]; *Ciancio v Nolan,* 65 AD3d 1273 [2009]). The plaintiff also failed to submit competent medical evidence that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Ponciano v Schaefer,* 59 AD3d 605 [2009]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Therefore, the defendants' cross motion for summary judgment dismissing the complaint should have been granted. Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.