JOSHUA HABER, Respondent, v AHSAN ULLAH et al., Appellants. [892 NYS2d 531]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v*

*Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The medical submissions of Dr. Donald M. Kastenbaum were insufficient to raise a triable issue of fact since they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Uribe-Zapata v Capallan*, 54 AD3d 936 [2008]; *Choi Ping Wong v Innocent*, 54 AD3d 384 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). Moreover, the plaintiff failed to adequately explain the cessation of his medical treatment after 2004 (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Shaji v City of New Rochelle*, 66 AD3d 760 [2009]; *Ciancio v Nolan*, 65 AD3d 1273 [2009]). Furthermore, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained as a result of the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days thereafter (*see Ponciano v Schaefer*, 59 AD3d 605 [2009]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.