In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated March 4, 2011, as denied that branch of their motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Christopher DiGioia on the ground that that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Christopher DiGioia is granted.
The defendants met their prima facie burden of showing that the plaintiff Christopher DiGioia (hereinafter the respondent) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted evidence establishing, prima facie, that the alleged injuries to the cervical and lumbosacral regions of the respondent’s spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]). The defendants also submitted evidence establishing, prima facie, that the alleged injuries to the respondent’s right shoulder did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) *710 (see Staff v Yshua, 59 AD3d 614 [2009]). Finally, the defendants submitted evidence establishing, prima facie, that the respondent did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]).
In opposition, the respondent failed to raise a triable issue of fact as to whether the alleged injuries to the cervical or lumbosacral regions of his spine were caused by the subject accident (see Maffei v Santiago, 63 AD3d 1011, 1012 [2009]). He also failed to raise a triable issue of fact as to whether the alleged injuries to his right shoulder constituted a serious injury within the meaning of Insurance Law § 5102 (d). Finally, he failed to raise a triable issue of fact as to whether he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d).
Accordingly, the Supreme Court should have granted that branch of the defendants’ motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted by the respondent. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.