Atken v Jackson (2018 NY Slip Op 05913)





Atken v Jackson


2018 NY Slip Op 05913


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-01052
 (Index No. 20179/14)

[*1]Stephanie Atken, appellant, 
v
Gordon Jackson, respondent.


Krentsel & Guzman, LLP, New York, NY (Nicole A. Palermo and Michael H. Zhu, Esq., P.C., of counsel), for appellant.
David J. Sobel, P.C., Smithtown, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 5, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
This action arises from a motor vehicle accident that occurred on January 10, 2014, at or near the intersection of Lynn Avenue and Woodridge Road in Southampton. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, the plaintiff failed to raise a triable issue of fact, particularly since neither she nor her physicians offered a reasonable explanation for a lengthy gap in treatment from May 2014 to the summer of 2015 (see Pommells v Perez, 4 NY3d 566, 574; Maffei v Santiago, 63 AD3d 1011, 1012).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court